UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY ZAMMIELLO,

    Petitioner,

v.                                        CASE NO:  8:13-CV-2285-T-30TGW

ATTORNEY GENERAL, STATE OF
FLORIDA and SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondents.
_____/

## ORDER DISMISSING PETITION AS TIME BARRED

THIS CAUSE is before the Court upon Respondent's Motion to dismiss the §2254 petition because it is time barred.  Zammiello filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 4, 2013 (Dkt. #1).  On October 31, 2013, Respondent filed Respondent's Response (Limited) to Petition for Writ of Habeas Corpus (Dkt. #17), which requests the Court to dismiss Zammiello's petition as time barred.  On December 4, 2013, this Court entered an Order to Show Cause (Dkt. #25) to Petitioner requiring him to show cause if any he had why the petition should not be dismissed as time barred.  Petitioner responded to the Order to Show Cause by filing a "Motion for Summary Judgment" (Dkt. #26) on February 4, 2014.  The Court has reviewed the pleadings of the parties and concludes that Petitioner's petition is due to be dismissed as time barred.

In his "Motion for Summary Judgment," Petitioner concedes, as he must, that his § 2254 petition is barred by the one year limitation period for filing § 2254 petitions. But he asks this Court to deem his petition timely for two reasons: (1) the Respondent should be defaulted for failing to timely respond to his petition and for making what he claims are false statements in its motion to dismiss, and (2) he should be deemed actually innocent of the crime of burglary. The Respondent will not be defaulted in this matter because it requested this Court to accept its motion to dismiss as timely, and this Court did so. It therefore is not in a default posture. Petitioner also fails on his claim of "actual innocence."

In arguing his "actual innocence," Petitioner acknowledges:

> The miscarriage of justice exception applies only in extraordinary cases, and "[a]ctual innocence means factual innocence, not mere legal insufficiency." *See Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). *Murray*, 477 U.S. at 496, 106 S. Ct. 2639. A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Hardy*, 628 F. 3d at 319 (quoting *Schlup*, 513 U.S. at 324, 115 S. Ct. 851).
>
> Zammiello's innocence claim is based on the Florida Supreme Court's *Miller v. State*, 733 So. 2d 955, decision in 1998, discussed below, that interpreted the State's Burglary Statute.

Zammiello's motion for summary judgment (Dkt. #26), p. 19.

Even though Petitioner quotes the appropriate legal authority concerning "actual innocence," he fails to offer any of the required support. That is, he offers no "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." He merely proceeds to do what he has acknowledged is insufficient – he argues legal

insufficiency under an interpretation of Florida's burglary statute. That does not establish "actual innocence."

Petitioner has failed to show cause why his petition should not be dismissed as time barred. Both of his purported reasons, that the Respondent should be defaulted and that he is "actually innocent" fail as a matter of law.

It is therefore ORDERED AND ADJUDGED that:

1. Respondent's motion to dismiss (Dkt. #17) is hereby GRANTED because the petition is time barred.

2. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

3. The Clerk is directed to terminate any pending motions and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on April 14, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2013\13-cv-2285 dismiss 2254.wpd*